**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DERREK OWENS,

        Petitioner,

vs.                                                              Case No.   3:11-cv-1123-J-32JRK
                                                                               3:08-cr-217-J-32JRK

UNITED STATES OF AMERICA,

        Respondent.

## **ORDER**

This case is before the Court on petitioner Derrek Owens' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. (Doc. 1).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I.   Background**

On June 6, 2008, petitioner was named in a two-count Indictment. (Crim. Doc. 1). Specifically, petitioner was charged with distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Two).  On September 18, 2008, petitioner pleaded guilty to Count Two pursuant to a written plea

---

[1]   Citations to Owens' criminal case file, United States v. Derrek Owens, 3:08-cr-217-J-32JRK, are denoted as "Crim. Doc. ___." Citations to Owens' civil § 2255 case file, 3:11-cv-1123-J-32JRK, are denoted as "Doc. ___."

agreement.[2] (Crim. Doc. 28). Petitioner's criminal record contained three prior felony convictions: a 1998 conviction for burglary while armed, robbery while armed, and possession of a firearm by a juvenile; a 2001 conviction for sale or delivery of cocaine; and a 2006 conviction for sale or distribution of cocaine. (Crim. Doc. 1). Because each of these offenses qualified as either a "violent felony" or a "serious drug offense," petitioner was categorized as an armed career criminal ("ACC") under § 924(e). (Doc. 2 at 1).[3] Accordingly, at his June 23, 2009 sentencing hearing, the Court sentenced petitioner to 180 months imprisonment, the mandatory minimum. (Crim. Doc. 38). He did not file an appeal. Petitioner filed the instant motion, challenging his designation as an ACC.

## II.   Discussion

Petitioner claims his 2006 conviction for felony sale or distribution of cocaine is no longer a valid conviction in light of Shelton v. Secretary, Department of Corrections, 802 F. Supp. 2d 1289 (M.D. Fla. 2011)(finding Fla. Stat. § 893.13 unconstitutional). Although he

---

[2] The terms of the plea agreement provided that, in exchange for Petitioner's guilty plea, the government would dismiss the remaining counts in the Indictment, recommend a downward adjustment of potentially two levels for Petitioner's acceptance of responsibility, and recognize any substantial assistance provided by Petitioner in the form of a downward departure motion pursuant to U.S.S.G. §5K1.1. Id.

[3] A defendant is an "armed career criminal" if (1) he was convicted under 18 U.S.C. §922(g), and (2) has three prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined, in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . ." §924(e)(2)(A)(ii). A "violent felony" is defined, in pertinent part, as any offense under federal or state law punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another or (2) is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another. §924(e)(2)(B).

has not raised this argument in any earlier proceeding, petitioner contends his procedural default should be excused because he is innocent of being an ACC. (Doc. 2 at 2).

Without getting into the procedural default issue, the Court notes that the district court's decision in Shelton was recently reversed by the Eleventh Circuit. Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348, 1355-56 (11th Cir. 2012); see also Johnson v. Sec'y, Dep't of Corr., 2012 WL 6522750 at *1 (M.D. Fla. Dec. 14, 2012).  Moreover, the Florida Supreme Court, after the district court decision in Shelton, found that § 893.13 is constitutional. State v. Adkins, 96 So. 3d 412, 423 (Fla. 2012).  Thus, Petitioner's 2255 claim must fail.

Accordingly, it is hereby

**ORDERED:**

1.	Government's Motion to Dismiss (Doc. 6) is **GRANTED**.

2.	Petitioner Derrek Owen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Doc. 1) is **DENIED**.  The Clerk is directed to close the file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. §2253(c)(I).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of February, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

dml.
Copies:
counsel of record
pro se party